## Eigelbach v. Boone Loan and Investment Company.

(Decided October 12, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Contracts.—Contract by general manager of loan and investment company, not to engage in same line of business in same city for himself or another for one year following termination of employment, held reasonable and enforceable.

2. Contracts—Employee, Voluntarily Quitting, Held Nevertheless Bound by Contract Not to Engage in Competitive Business.—Where employee contracted not to engage in competitive business for limited time "following the termination of my employment by you," held words "by you" limited the word employment, and employee voluntarily quitting was bound by contract, which in same paragraph referred to termination of employment "for any reason."

3. Equity—Maxim Requiring Suitor in Equity to Come with "Clean Hands" Held Not to Preclude Relief in Loan Company's Suit for Injunction Against Former Employee.—The maxim that a suitor in equity must come with "clean hands" means clean hands as affecting matter sued on, and mere allegation that loan company was exacting usurious interest did not affect its right to equitable relief, in suit for injunction based on employment contract.

4. Usury.—Action may be maintained on usurious contract, the amount of recovery being reduced rather than the action dismissed.

FINLEY F. GIBSON, JR., for appellant.

DOOLAN & DOOLAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellant was employed as the general manager of appellee and after serving it for some time left its service and engaged in the same line of business in the city of Louisville. Thereupon this suit was brought by appellee to enjoin him from engaging in the same line of business in the city within a year, on the ground that by the written contract he had bound himself not to do so. The circuit court granted a temporary injunction and made it perpetual. The defendant appeals.

1. It is insisted that by the written contract appellant bound himself not to engage in the same business in the city within a year, only in case he was discharged by appellee, and that he was not discharged, but quit voluntarily. The written contract, among other things, contains the following provision:

"I further agree that in the event my employment is terminated for any reason, I will not injure or attempt to injure your business or the business of your clients or associated interests by communicating with or otherwise getting in touch with your borrowers, clients, or customers, directly or indirectly,

in any way, form or manner; but on the other hand, by my conduct and action, I will at all times do all I can to make friends for you. I further agree that in the event of termination of my employment for any reason, I will not engage in the same or similar line of business in the same city either for myself or another person, firm or corporation, for the period of one year immediately following the termination of my employment by you."

The concluding words, "by you," here evidently limit the word employment. The meaning is "my employment by you," for above it is expressly stipulated that the agreement operates "in the event of termination of my employment for any reason." Any reason would include a reason inducing him or a reason inducing the employer to terminate the employment. The words of the contract must not be read as making one part of it contradictory to another. There could be no possible reason for making this provision apply only where he left involuntarily; for this would leave the employer without the protection which the contract was intended to give. As manager of the busines he learned all about how the business was done, the names of the customers and, considering the nature of the business appellee was engaged in, this was a reasonable and enforceable contract.

2. The defendant pleaded in his answer that the plaintiff was lending money at 120% interest and had no right to maintain an action in equity as its hands were not clean. The circuit court properly sustained a demurrer to this pleading. The maxim that a suitor in equity must come with clean hands only means that his hands must be clean in the matter sued on. It does not mean that he cannot be heard in equity if his hands have not always been clean in other matters. The contract sued on is fair and no objection is urged to it. Even if this was a suit on a usurious transaction the court would not dismiss the plaintiff's action, but would under the statute allow it to recover the sum with interest at six per cent. The plaintiff's business is not unlawful. An action may be maintained on a contract although it is usurious.

Judgment affirmed.