ARCTIC DAIRY CO. *v.* WINANS.

1. STATUTES—CONSTRUCTION.

A statute should be construed so as to accomplish its obvious purpose and nothing should prevent such a result if it can be obtained without doing violence to the language used therein.

2. MONOPOLIES—STATUTES—EXCEPTIONS.

3 Comp. Laws 1929, §§ 16667–16672, relating to contracts in restraint of trade do not provide they shall not apply to "an ancillary covenant by a transferor" but do make an exception as to application "where the only object of restraint imposed by the contract is to protect the vendee."

3. SAME—CONSTRUCTION OF CONTRACTS—STATUTES.

Covenant by two employees, relatives of vendor partners and bearing family name under which business was operated, to remain out of competing business for 10 years in certain county *held*, to be a covenant for the protection of the vendee (3 Comp. Laws 1929, § 16672).

4. SAME—INFERENCES—GOOD WILL.

Record *held*, to justify inference that vendee of dairy business would not have agreed to pay $150,000 without agreement of two of vendor partners' employees bearing family name under which business was operated to remain out of competing business for a period of 10 years in a certain county and thus protect the good will purchased.

5. CONTRACTS—CONSIDERATION TO A THIRD PARTY.

Consideration for a promise is sufficient where it moves from promisee to a third party at promisor's request or procurement.

6. EQUITY—INJUNCTION—MONOPOLIES.

Contract of sale of dairy business containing covenant that two employees, relatives of vendor partners and bearing family name under which business was operated, would refrain from engaging in competing business for a period of 10 years in a certain county *held*, to entitle vendee to injunction enforcing said covenant against said employees and corporation they formed and controlled to carry on competing business within prohibited time and territory.

WIEST and EDWARD M. SHARPE, JJ., dissenting.

Appeal from Ingham; Collingwood (Charles B.),
J. Submitted January 4, 1934. (Docket No. 40,
Calendar No. 37,230.) Decided June 6, 1934.

Bill by Arctic Dairy Company, a corporation,
against Case G. Winans, Howard R. Winans and
Winans Dairy Company, a corporation, for an in-
junction to restrain operation of a dairy business.
Bill dismissed. Plaintiff appeals. Reversed and
decree entered for plaintiff.

*Kelley, Sessions, Warner & Eger* (*Oliver Spauld-
ing,* of counsel), for plaintiff.

*Shields, Silsbee, Ballard & Jennings* (*Stanley H.
Fulton,* of counsel), for defendants.

WIEST, J. (*dissenting*). Plaintiff company, by
written agreement, purchased the dairy business,
equipment and good will of N. H. Winans & Sons, a
copartnership, consisting of Claude L. Winans,
Harry H. Winans and Theron R. Winans, paying
therefor the sum of $150,000. Defendants Case G.
Winans and Howard R. Winans were employees
and not members of the partnership but signed the
agreement of the sellers to remain out of a compet-
ing business for a period of 10 years. For a time
Case G. Winans and Howard R. Winans were in the
employ of plaintiff but resigned and organized a
corporation styled Winans Dairy Company, to carry
on a competing business. The bill herein was filed
to enjoin such competition as in violation of the men-
tioned agreement, signed by Case G. Winans and
Howard R. Winans.

The individual defendants admit: "That they
have organized a corporation for the purpose of
engaging in business for the purpose of selling dairy

products in the city of Lansing, * * * and that such sales will probably be in competition with the plaintiff, but deny that such business is contrary to the express terms of said contract, and conditions of said contract, said alleged contract being illegal and void'' and contrary to 3 Comp. Laws 1929, §§ 16667, 16672.

The confession and avoidance present the question of whether the invoked avoidance is good in point of law.

The circuit judge held that Case G. and Howard R. Winans were not bound by their gratuitous signing of the contract of sale and covenant for they sold nothing and received nothing. The case is here by the appeal of plaintiff. The facts are conceded.

Case G. Winans and Howard R. Winans were employees of the sellers, had no financial interest in the business but agreed, in writing, to refrain, directly or indirectly, from engaging in a competing business during the period of 10 years. They entered plaintiff's employ and after a time quit and organized defendant corporation as a competitor, directly contrary to their covenant. They claim immunity by virtue of statutory declaration of public policy. Public policy and private pecuniary desire, in this instance, seem to coincide.

The covenant was not ancillary to any contract of sale between plaintiff and Case G. and Howard R. Winans for they sold nothing to plaintiffs and received no consideration for their covenant to refrain from competition.

''Restraining contract must be ancillary. The covenant or contract by which the restraint is imposed must be incidental to and in support of another contract or a sale by which the covenantee acquires some interest in the business needing pro-

tection.    Contracts which have for their object merely the removal of a rival and competitor in a business are unlawful under all circumstances.'' 13 C. J. p. 477.

''Where, without a sale of good will, or other legitimate dealing therewith, one party agrees with the other to abstain from business, such contract is invalid without regard to its reasonableness as to either space or time.'' 2 Page on Contracts (2d Ed.), § 803.

3 Comp. Laws 1929, § 16667, provides:

''All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void.''

Plaintiff contends that 3 Comp. Laws 1929, § 16672, excepts the instant covenant. The invoked part of that statute reads:

''This act shall not apply to any contract mentioned in this act, nor in restraint of trade where the only object of restraint imposed by the contract is to protect the vendee, or transferee, of a trade pursuit, avocation, profession or business, or the good will thereof, sold and transferred for a valuable consideration in good faith, and without any intent to create, build up, establish or maintain a monopoly.''

This section provides an exception to the inhibition of the previous section but clearly applies only to an ancillary covenant by a transferor.

It is accepted law in this State that a contract may be enforced by a third person for whose ben-

efit it is made. But where in this case is the third
party? The contract was not made for the benefit
of defendants, and the third-party rule has no ap-
plicability to the case at bar. Plaintiff made the
contract for its own benefit and not for that of de-
fendants and so did the sellers, N. H. Winans and
Sons. If it be held that defendants became parties
to the contract for the benefit of the purchaser and
the seller then they were not third parties at all.
The consideration between the purchaser and the
sellers did not in any part reach them. The strong-
est statement, available to plaintiff, is the supposi-
tion that it would not have purchased the business
without defendants' agreement not to engage in a
competing business. In such case the covenant
would not be ancillary to the purchase or sale but an
agreement in restraint of trade and intended by
plaintiff to prevent competitive business and, there-
fore, clearly within the inhibition of the statute.
Suppose the exaction had included all others within
the territory likely to engage in a competing busi-
ness? Would it be held valid?

I find no authority supporting plaintiff's claim
of right to be granted relief. An extensive search
has failed to find a like or similar case.

*Thompson* v. *Andrus,* 73 Mich. 551, might, at first
glance, appear to be somewhat in point but, upon
examination, will be found not to be so. There a
father sold his hardware store and agreed not to
compete with the purchaser, and his son, who was
in his employ, also signed the agreement. The seller
turned some of the money over to his wife and she
opened a competing hardware store and employed
the son. The court found the new store in the name
of the wife only a subterfuge, employed by the seller
in perpetrating a fraud and enjoined its operation.

The case at bar carries no intimation of any such subterfuge, for it is not claimed that plaintiff's vendors are at all interested in the competing business.

The business and good will purchased by plaintiff belonged to Claude L. Winans, Harry H. Winans and Theron R. Winans, as co-partners, and they sold the same to plaintiff and, by permissible covenant, protected the value and use thereof from their competition. Case G. Winans and Howard R. Winans were not vendors of the business, nor of the good will thereof and the purpose of obtaining their agreement was manifestly to bar them from becoming competitors. The mentioned statute forbids enforcement of the covenant of Case G. and Howard R. Winans. See *Lyzen* v. *Lyzen,* 221 Mich. 302.

Decree should be affirmed, with costs to defendants.

EDWARD M. SHARPE, J., concurred with WIEST, J.

NORTH, J. I think Mr. Justice WIEST's construction of the statutory exception is too narrow. A statute should be construed so as to accomplish its obvious purpose. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178. Nothing should prevent such a result if it can be attained without doing violence to the language used in the enactment.

The statute (3 Comp. Laws 1929, §§ 16667–16672) does not provide that the exception therein made applies only to "an ancillary covenant by a transferor." Instead the exception expressly provides that the statute shall not apply "where the only object or restraint imposed by the contract is to protect the vendee." Section 16672. To protect the vendee is exactly the object of the restraint imposed upon the defendants herein by the contract

of sale. No other purpose is sought to be accomplished. About this there is no controversy in the record. Prior to the time plaintiff purchased this dairy business the individual defendants were in the employ of the vendor partners of whom there were three. These defendants were sons of one of the vendors and nephews of the other two. They bore the same family name, the name under which the business had been conducted for many years. They were substantial factors in the management of the former business. They knew the details of the business, including methods, routes, customers, etc. It is a fair inference that plaintiff as purchaser of this going business was desirous of having Case G. Winans and Howard R. Winans continue in its employ; and they did so continue for upwards of four and one-half years. Plaintiff, paying $150,000 for this business and equipment, had ample reason for demanding incident to the contract of purchase that as vendee it should be protected against competition by these two defendants. They were made parties to and signed a sales contract which expressly so provided in the following terms:

"It is understood and agreed that the purchaser in acquiring and purchasing said property and business, desires to acquire, and is acquiring and taking over, the good will connected with such trade and business. In order to protect the purchaser in connection with its purchase of the property and business of said N. H. Winans & Sons, and the good will thereof, it is further agreed by each of the sellers individually and also by each of second parties individually (defendants herein) to and with the purchaser, that he will not for a period of 10 years * * * engage in the milk and/or ice cream business either directly or indirectly, in the city of Lansing, or Ingham county, of the State of Michigan."

These two defendants are more than parties to an *ancillary* contract. They are parties to the one and only sales contract by which plaintiff purchased this dairy business, and these defendants for a valuable consideration moving to their father and uncles joined in that portion of the contract by which the good will of the business was sold for a valuable consideration and was supposed to be protected. By fair inference the testimony negatives the assumption that plaintiffs would have paid $150,000 for this business had they known that these two defendants who were active in its management were to forthwith inaugurate a rival business. Without the signatures of these two defendants to the purchase contract, any attempt at an effective transfer and protection of the good will would have been an idle gesture only. No one knew this better than the contracting parties. Clearly execution of this contract by these two defendants was a procuring cause of the sale and was reflected in the purchase price paid by plaintiff. The agreement thus perfected was within both the letter and spirit of the statutory exception (3 Comp. Laws 1929, § 16672); and defendants should be bound by the contract in the same manner as their father and their uncles. The obvious and admitted purpose was to preserve the good will of the purchased business. No claim is made that plaintiff sought to buy off existing competitors or to establish a monopoly. The contract which plaintiff here seeks to enforce is exactly the type covered by the statutory exception, *i. e.* one "where the only object of restraint imposed by the contract is to protect the vendee." If defendants are not bound by their contract, then no one situated as were defendants' father and uncles could negotiate a valid and effective sale of the good will of a business. But properly construed the statutory

exception enables the vendor under such circumstances to sell the good will of his business and the vendee to purchase the same. So construed the statute protects both. A different construction fosters fraud.

Consideration. The trial court held, as appellees contend, that there was no consideration for the promise of Case G. and Howard R. Winans. Mr. Justice Wiest refers to the execution of this contract by these two defendants as "gratuitous signing." In this I cannot agree but instead am of the opinion there was ample consideration.

"The rule as to consideration for agreements to abstain from litigation * * * does not differ from that relating to any other contracts; there must be a benefit on one side, or a detriment suffered, or service done on the other. *The benefit rendered need not be to the party contracting, but may be to anyone else at his procurement or request.*" *Sanford* v. *Huxford* (syllabus), 32 Mich. 313 (20 Am. Rep. 647).

See, also, *Monaghan* v. *Agricultural Fire Ins. Co.,* 53 Mich. 238, 244; *Larson* v. *Jensen,* 53 Mich. 427; Restatement of Law of Contracts by American Law Institute, pp. 80–82.

"There are many cases in which there is a detriment to the promisee with no corresponding benefit to the promisor. Sometimes the benefit is derived solely by a third person. Hence the consideration to support a promise need not involve benefit to the promisor." 6 R. C. L. p. 655.

"Consideration moving from promisee, but not to promisor. The consideration may consist of a legal right which B gives up often to some third person, X, and of which A does not receive the benefit. Such consideration is sufficient." 1 Page on Contracts, § 529.

The author adds many illustrations and numerous citations including *Townsley* v. *Sumrall,* 2 Pet. (27 U. S.) 170; *United States* v. *Linn,* 15 Pet. (40 U. S.) 290, and *First National Bank of Hancock* v. *Johnson,* 133 Mich. 700 (103 Am. St. Rep. 468). In the *Townsley Case* Justice Story said: "Damage to the promisee constitutes as good a consideration as benefit to the promisor."

The same proposition is restated by Professor Page in his 1929 supplement as follows:

"A consideration which, by the terms of the contract, the promisee furnishes to a third person and not to the promisor is sufficient." 1 Page on Contracts, 1919–1929 Supp., § 529, citing several cases.

In the instant case the equities are admittedly all with the plaintiff vendee. It should be protected and the defendants Winans required to do the honest, equitable thing, *i. e.,* live up to their contract. On the equity phase of this case *Thompson* v. *Andrus,* 73 Mich. 551, is interesting because of the striking similarity of facts. In the *Thompson Case* the vendor's son was active in the management of the hardware business which was sold to the plaintiff, but the son had no actual ownership in the business. For the recited nominal consideration of one dollar the son agreed not to conduct within 10 years a competing business in the same city. The equity court enforced by injunction the son's contractual agreement. But the *Thompson* decision is not particularly helpful herein because that decision was rendered prior to the enactment of the statutory provisions which are controlling herein.

*Lyzen* v. *Lyzen,* 221 Mich. 302, cited by appellees, is not to the point here involved. There the court held, and necessarily so, that the case was not within section 16672 (3 Comp. Laws 1929) because the plaintiff was not a vendee and the defendant was

neither a vendor nor an employee. Instead the controversy arose out of a property settlement in a divorce suit. The case at bar is much more like *Weickgenant* v. *Eccles,* 173 Mich. 695. See, also, *Buckhout* v. *Witwer,* 157 Mich. 406 (23 L. R. A. [N. S.] 506).

Our holding herein is not to be construed as an authority for making any and all employees of a vendor parties to a contract for the sale of a business and thereby restraining them from participation in a competitive enterprise. In order that a contract of this type may be sustained it must fall within section 16672 (3 Comp. Laws 1929), which permits such a contractual undertaking ''where the only object of restraint imposed by the contract is to protect the vendee.'' Suffice it to say that the facts in the instant case fall squarely within the quoted statutory provision, and plaintiff is entitled to injunctive relief against defendants Case G. and Howard R. Winans.

Plaintiff seeks injunctive relief against the Winans Dairy Company, a Michigan corporation, as well as against the individual defendants. While the individual defendants do not own all of the stock in the Winans Dairy Company, they own the majority of the stock, are in active management of and unquestionably completely control the corporation. The individual defendants resigned from the employ of plaintiff September 6, 1932. The defendant corporation was organized two days later and began business November 3, 1932. Plaintiff, by letter dated September 16, 1932, called defendants' attention, at least called the attention of Case G. Winans, to the contract under which plaintiff had purchased and in which the individual defendants had agreed to refrain from engaging in the milk or ice cream business either directly or indirectly in

the city of Lansing prior to January 1, 1938. The bill of complaint herein was filed promptly, November 2, 1932. By their answer defendants admit that Case G. Winans and Howard R. Winans caused to be organized a corporation known as Winans Dairy Co., that Case G. Winans and Howard R. Winans are directors of said corporation and executive officers thereof and have the management and control of its past and prospective operations; that they are respectively president and vice-president of the corporation; and that the defendants organized the corporation for the purpose of engaging in the business of selling dairy products in the city of Lansing. We find ample testimony in the record to overcome any presumption of good faith on the part of any of the parties concerned in the organization of this corporation. The defense is not urged that rights of innocent stockholders are involved. Instead defendants plant themselves squarely on the alleged invalidity of the contract which plaintiff seeks to enforce. As in *Weickgenant* v. *Eccles, supra,* the defendants herein have sought to use a company as an instrumentality by means of which the individual defendants hope to breach their contract with impunity. This course of conduct does not present a situation beyond the power of the court to remedy. Plaintiff is entitled to injunctive relief against the defendant corporation as well as against the individual defendants.

The decree entered in the circuit court will be vacated and one entered here granting plaintiff the injunctive relief prayed. Plaintiff will have costs of both courts.

NELSON SHARPE, C. J., and POTTER, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J.