KNUDSEN v. SANITARY DAIRY CO.

MONOPOLIES—EQUITY—INDUCEMENT—CONTRACTS.

Bill to define rights and restrain action at law under contract of sale of dairy business, assets, accounts receivable and good will owned by a corporation, 98 per cent. of the stock of which was held by plaintiff, its president, treasurer and manager, which contract contained clause barring vendor and plaintiff from re-engaging in same business within same county for 15 years, *held*, properly dismissed, where plaintiff seeks to compete with purchaser, since his personal agreement to so refrain was a moving inducement of the sale to defendant.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 22, 1935. (Docket No. 91, Calendar No. 38,170.)   Decided March 5, 1935.

Bill by Joachim R. M. Knudsen against Sanitary Dairy Company, a corporation, to construe a contract and for an injunction to restrain institution of suit at law or in equity. Bill dismissed. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski*, for plaintiff.

*Edward C. Farmer*, for defendant.

WIEST, J.  The bill herein was filed to obtain a decree defining the rights of plaintiff under a contract of sale of the business and good will of the Muskegon Dairy Company, a corporation, to the defendant Sanitary Dairy Company, a corporation, and to restrain the bringing of an action at law against plaintiff on the contract.

At the time of sale plaintiff held 98 per cent. of the stock of the Muskegon Dairy Company, was its president, treasurer and manager, his wife was its secretary and, as such officers, they signed the contract of sale. The contract transferred to defendant the business of the Muskegon Dairy Company, its assets, accounts receivable and good will. The contract provided that neither the Muskegon Dairy Company nor plaintiff should, within 15 years,—

"Directly or indirectly, engage in the milk or dairy business within the county of Muskegon nor aid nor assist any one so to do, nor have any interest directly or indirectly in the milk or dairy business within said limits. Should said first party (Muskegon Dairy Company) or the said Knudsen (plaintiff) violate this condition or provision second party shall have the right to sue said first party or

said Knudsen for said breach and it is mutually agreed that the sum of $36,000 shall be the acknowledged liquidated damages that second party shall sustain by the breach or violation of this particular provision on the part of said first party or said Knudsen.''

Plaintiff wants to again engage in business in competition with defendant.

The court below followed the opinion of this court in *Arctic Dairy Co.* v. *Winans*, 267 Mich. 80 (94 A. L. R. 334), held the contract bound plaintiff to abide the plain terms thereof and dismissed the bill.

Plaintiff, by appeal, asserts the corporate entity of the Muskegon Dairy Company and contends that its engagement that it, as well as himself, would refrain from engaging in a competing business does not bind him as an individual, and was without consideration to him personally, and he invokes statutory provisions (3 Comp. Laws 1929, § 16667 *et seq.*) and cases cited in the dissenting opinion in the *Arctic Dairy Company Case.*

We do not have to pierce the corporate entity, nor run counter to public policy in order to hold plaintiff to an observance of fair and open dealing. The very thing he now wants to do was what he, as president, treasurer and manager of the corporation, and beneficiary under the contract, agreed he would not do. It is inconceivable that he did not consent, in order to make the sale, that his individual obligation should be pledged. He knew it was pledged, was aware that it was a moving inducement of the purchase and cannot now successfully contend otherwise.

Decree affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.