FRANK B. DOMURAT ET AL. *v.* ROCCO MAZZACCOLI

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 4—decided November 6, 1951

*Martin F. Stempien,* for the appellants (plaintiffs).

*Douglass B. Wright,* for the appellee (defendant).

INGLIS, J.   The principal question involved in this case is whether a covenant not to engage in a competing business made to the purchaser of a barber shop by one of the employees in the shop is enforceable.

The finding, which is not subject to correction, sets forth the following facts: On October 7, 1949, and prior thereto, the defendant was employed at a weekly wage by his father, Guiseppe Mazzaccoli, in a barber shop in Newington.   He was merely an employee of his father and had no interest in the business.   Prior to that date there had been negotiations for the sale of the shop by Guiseppe to the plaintiffs, and the latter had made a deposit of $500.   When, however, the plaintiffs requested that the defendant and his brother, who also was employed in the shop, sign an agreement, as well as the father, that they would not engage in the trade of barber within a radius of five miles of the shop for a period of ten years, the defendant refused and the deposit was returned.   In the course of further negotiations on October 7, the plaintiffs stated that they would be glad to hire the defendant at the second chair in the shop after he returned from a trip to California which he had planned.   Thereupon the defendant, upon the distinct understanding that he would be engaged as a barber in the shop if he so desired after he returned from California, signed the agreement requested by the plaintiffs, and the sale of the shop by Guiseppe to the plaintiffs was consummated.   After

the defendant's return from California, the plaintiff Frank B. Domurat stated on several occasions that he would not hire the defendant as a barber, "even though he was the last barber on earth." Thereafter, Guiseppe Mazzaccoli opened a barber shop at a point outside the five-mile radius specified in the agreement, and the defendant is employed there. There is no finding that the defendant has breached or threatened to breach the agreement. It is admitted in the pleadings, however, that on November 13, 1950, about two weeks before the institution of this action, "he did cut two heads of hair" as a temporary employee of another barber in Newington.

Upon the foregoing facts, the trial court concluded that the restrictive covenant was unenforceable by injunction because the defendant was not a partner, shareholder or vendor of his father's business and also because the plaintiffs, having refused to employ the defendant, did not come into equity with clean hands.

The question whether a covenant not to enter a competing business made by a mere employee of the seller of a business is valid has not before been presented to this court or, so far as search discloses, to any other court of last resort in the country. See note, 94 A. L. R. 341. The case of *Arctic Dairy Co.* v. *Winans*, 267 Mich. 80, 255 N. W. 290, 94 A. L. R. 334, cited by the plaintiffs, is not decisive because in that case the covenantors were not merely employees. They had been active in the management of the business sold. For that and other reasons their connection was such that they were in a peculiarly advantageous position to divert customers after the purchaser took the business over. Moreover, the case was ruled by a Michigan statute. In the absence of exact precedents, the question in the present case must be resolved by recourse to fundamental principles.

It is basic that a covenant restricting the covenantor from engaging in a competing enterprise is one in restraint of trade and therefore is against public policy if the restraint is unreasonable. It is not valid unless it is ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment. Restatement, 2 Contracts § 515 (e); 17 C. J. S. 629. If it is made in connection with the sale of the good will of a business, it is valid only when the restraint imposed is no greater than is necessary for the fair and just protection of the business and does not impose unnecessary hardship on the covenantor. *Mattis* v. *Lally*, 138 Conn. 51, 54, 82 A. 2d 155; *Beit* v. *Beit*, 135 Conn. 195, 202, 63 A. 2d 161. When these general principles are applied to the question whether a restrictive covenant entered into by an employee in connection with the sale of his employer's business is valid, the answer becomes apparent. In no event can it be valid unless it is reasonably necessary for the fair and just protection of the good will of the business sold.

In the present case the only claim made by the plaintiffs in the trial court for sustaining the restrictive covenant was that it was ancillary to the sale of the barber shop. Accordingly, the only possible justification for the covenant would be that it was reasonably necessary for the protection of the good will of the business. Not only is there a finding that the defendant had no interest in the business either as partner or otherwise but there is no finding that he was in any way active in the management of it or that it had been conducted in his name so that the public had been led to believe that the barber shop was either in whole or in part owned by him. It might possibly be conjectured that as a barber he had his own personal following, but it is not so found and, in any event, what

personal following he might have had could only be regarded as good will of his own and not of the business owned by his father. In short, there is nothing in the finding which compels the conclusion that the defendant's covenant was reasonably necessary for the protection of the plaintiffs in their enjoyment of the good will of the business purchased by them. We cannot say, therefore, that the trial court's conclusion that it was not so necessary was unwarranted. It follows that it did not err in rendering judgment for that reason in favor of the defendant. It is thus unnecessary to consider the court's further conclusion that lack of clean hands precluded relief to the plaintiffs.

There is no error.

In this opinion BROWN, C. J., JENNINGS, and BALDWIN, Js., concurred; O'SULLIVAN, J., concurred in the result.