**MARTIN et al.**

v.

**RATLIFF FURNITURE CO., Inc.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

J. Smith Hays, Sr., J. Smith Hays, Jr., William O. Hays, Winchester, for appellants.

H. T. Lisle, Winchester, Angus McDonald, Lexington, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment which upholds the validity of a "stay-out-of-business" agreement and enjoins the appellants from engaging in the furniture business in Clark County for a period of five years. The appellant, William S. Martin, urges that the agreement is an instrument in restraint of trade and is void. Also he urges that the agreement was obtained from him by duress, and without consideration, and therefore is unenforceable. Both appellants insist that the judgment is erroneous because the court applied the provisions of the injunction to the appellant, The Martin House, Inc.

In 1946, the appellant, William S. Martin, and Percy H. Speed and T. J. Brandenburg purchased the Ratliff Furniture Company. A corporation, the Ratliff Furniture Company, Inc., appellee herein, was formed with William S. Martin as Vice-President and General Manager. The business prospered and became the largest furniture store in Winchester.

In 1950, Willard Martin, a brother of William S. Martin and an employee of the Ratliff Company, purchased ¼ of the capital stock of the company. At that time, Speed, Brandenburg, William S. Martin and Willard Martin each owned 25% of the stock of the company.

A dispute arose between the Martin brothers over the discharge of an employee. Apparently, Speed and Brandenburg joined Willard Martin's side of the controversy. Negotiations followed which resulted in William S. Martin selling his stock under the following agreement:

" 'Know All Men By These Presents:

" 'That the undersigned, William S. Martin, of Winchester, Kentucky, for and in consideration of the purchase from him by Ratliff Furniture Company, Inc. of 50 shares of the capital stock of said corporation at a price of $347.49 per share, receipt of which is acknowledged, does hereby promise and agree with said corporation that, for the full period of five (5) years from and after the date hereof, he will not, directly or indirectly, as an individual, partner, stockholder, or in any other capacity,

engage in the retail or wholesale furniture business within the limits of Clark County, Kentucky.

" 'He further acknowledges that he has received from said corporation all sums due him from it, whether in the form of salary, or otherwise.

" 'By the signing of this instrument, the undersigned hereby tenders his resignation as an officer and director of Ratliff Furniture Company, Inc.

" 'Signed this 27 day of March, 1952.
   " 'William S. Martin
   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
   William S. Martin' "

On September 30, 1952 appellee filed suit against the appellants, pleading the above contract, and alleging that defendant Martin was threatening to violate its terms, by going into a competing business; that Martin had fraudulently organized a corporation "The Martin House, Inc." for the purpose of engaging in the furniture business and that the corporation was, in legal effect, the alter ego of William S. Martin. An injunction was prayed against both individual and corporate defendants. The court granted the relief sought.

■ This Court has uniformly held that contracts in partial restraint of trade, such as the contract in this case, are valid and will be upheld when the contract is incident to or in support of a contract of sale in which the purchaser acquires an interest in a business needing protection and provided the restraint is reasonable and not so extensive as to affect the public interest. Ceresia v. Mitchell, Ky., 242 S.W.2d 359; Johnson v. Stumbo, 277 Ky. 301, 126 S.W. 2d 165; Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S.W. 295, 52 A.L.R. 1344; Eigelbach v. Boone Loan & Inv. Co., 216 Ky. 69, 287 S.W. 225.

■ We think the covenant which is challenged in the instant case was reasonable as to both time and space. In Durham v. Lewis, 231 Ky. 601, 21 S.W.2d 1004, we sustained a judgment granting an injunc-

tion against the violation of an agreement, similar to the one before us, which contained a covenant preventing the covenantor from engaging for 10 years in 4 counties in Kentucky in a business similar to the one sold.

■ As to his claim of duress we find no evidence to sustain the charge. Appellant Martin testified that no threats of bodily harm had been made against him. However, he did state that appellee threatened to discharge him. In Bond State Bank v. Vaughn, 241 Ky. 524, 44 S.W.2d 527, 528, we said:

"The term 'duress,' as it is used by the law, means such violence or threats made by the party or some person acting for or through him, or by his advice or counsel, as are calculated to produce on a person of ordinary intelligence a just fear of great injury to person. Commonwealth v. Refitt, 149 Ky. 300, 148 S.W. 48, 42 L.R.A.,N.S., 329; American Railway Express Co. v. Hicks, 198 Ky. 549, 249 S.W. 342; Greenwell v. Negley, 101 S.W. 961, 31 Ky.Law Rep. 144; Fears v. United Loan & Deposit Bank, 172 Ky. 255, 189 S.W. 226; Utterback v. Farmers' National Bank, 228 Ky. 827, 16 S.W.2d 453; Collins v. Isaacs, 231 Ky. 377, 21 S.W.2d 484; Williams v. Rutherfurd Realty Co., 159 App.Div. 171, 144 N.Y. S. 357; Aronoff v. Levine, 190 App. Div. 172, 179 N.Y.S. 247; Fratello v. Fratello, 118 Misc. 584, 193 N.Y.S. 865; Coon v. Metzler, 161 Wis. 328, 154 N.W. 377, 378, L.R.A.1916B, 667."

In the absence of evidence to sustain his charge of duress, we will not pursue any further the contention made on this point.

■ The appellant Martin also contends that the consideration paid him was insufficient to support the contract. We find this contention to be frivolous. The covenant recites on its face that it is "in consideration of the purchase from him by Ratliff Furniture Company, Inc., of 50 shares of the capital stock of said corporation at a

price of $347.49 per share." Martin admits that he received the full consideration recited in the contract. As we view the transaction, the consideration amply supports the contract.

Both appellants urge that the judgment erroneously makes the injunction apply to The Martin House, Inc., when it was not a party to the contract which is the foundation of the action.

■ We can conceive of many instances in which a corporation should not be enjoined from violating a covenant entered into by only one stockholder. However, under the facts and conditions appearing in the instant case, we think the court correctly enjoined both appellants from engaging in the furniture business under the covenant appearing in the agreement signed by the appellant Martin.

The proof shows that shortly after Martin signed the agreement not to "directly or indirectly, as an individual, partner, stockholder, or in any other capacity, engage in the retail or wholesale furniture business within the limits of Clark County" for a period of 5 years, he proceeded to organize a corporation, with his own name in the title, became the owner of 80% of its stock, and became its president and general manager. It was not shown that the other two stockholders, who owned 5 shares each, were without knowledge of the agreement Martin had signed with the Ratliff Furniture Company. However, it was shown that these minority stockholders took no active part in the operation of the business.

■ We recognize that contracts such as the one constituting the basis of this suit are generally strictly construed. But the rule is not so severe as to justify a conclusion at variance with the plain purpose and intention of the parties. Any other conclusion would permit the appellant Martin to violate his covenant and thus render that important part of his agreement unenforceable. See Arctic Dairy Co. v. Winans, 267 Mich. 80, 255 N.W. 290, 94 A.L.R. 334.

Judgment affirmed.