ROY *v.* LEONARD.

1. CONTRACTS—CONSIDERATION.
   It is not essential that a contractual undertaking be supported by a benefit moving to the promisor.

2. BILLS AND NOTES—CONSIDERATION.
   Consideration for a promissory note may consist either in a benefit to the promisor or a detriment to the promisee.

3. CONTRACTS — PROMISSORY NOTE — CONSIDERATION — DELIVERY OF STOCK.
   The delivery by plaintiffs of stock they held in defendant corporation to its president and secretary may be considered a detriment to plaintiffs and was a sufficient consideration to support agreement and promissory note by defendant corporation and its president.

4. SAME—CONSIDERATION—SETTLEMENT OF CONTROVERSY.
   The settlement of an existing controversy between parties to an instrument is consideration therefor.

5. INTERNAL REVENUE—STOCK TRANSFER—STAMPS.
   The internal revenue code impliedly recognizes the validity of a transfer of corporate stock even though the transferor may be guilty of a misdemeanor for nonpayment of the tax, where it does not declare the transfer void unless there has been payment of the tax evidenced by affixing of stamps (53 Stat 1).

6. SAME—OMISSION OF STAMPS—VALIDITY OF INSTRUMENTS.
   Instruments are valid although required internal revenue stamps are omitted from them, in the absence of an express statutory provision invalidating such instruments (53 Stat 1).

REFERENCES FOR POINTS IN HEADNOTES
[1]  12 Am Jur, Contracts § 79.
[2]  7 Am Jur, Bills and Notes § 233.
[4]  7 Am Jur, Bills and Notes § 245.
[5–7]  49 Am Jur, Stamp Taxes § 29.
[8]  41 Am Jur, Pleading §§ 172, 340; 49 Am Jur, Stamp Taxes § 29.

7. CORPORATIONS—TRANSFER OF STOCK—INTERNAL REVENUE STAMPS. The transfer of stock by plaintiffs to the president and secretary of defendant corporation pursuant to agreement and without affixation of internal revenue stamps and acceptance of the unstamped stock by the transferees, whether title to the stock had previously been transferred to plaintiffs or it had been given to them as security, constituted a parting with any and all interest plaintiffs may have had in such stock (53 Stat 1).

8. JUDGMENT — SUMMARY JUDGMENT — AFFIDAVITS — TRANSFER OF STOCK. Affidavits of merits in opposition to motion for summary judgment failed to present factual issues necessitating trial, where sole question presented was the validity of a transfer of stock without having affixed internal revenue stamps, the failure to affix stamps subjecting the transferor to penalties but not invalidating the transfer (53 Stat 1).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 13, 1954. (Docket No. 23, Calendar No. 46,081.) Decided June 7, 1954.

Assumpsit by Harmon Roy and Lydia Roy against Luke C. Leonard and Leonard, Inc., a Michigan corporation, for sums due on note. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Armstrong, Essery, Helm & Marshall* (*Loren T. Robinson, Jr.,* of counsel), for plaintiffs.

*Marx & Fewlass* (*J. Lynn Fewlass,* of counsel), for defendants.

CARR, J. Defendants have appealed from a summary judgment in the sum of $5,727.50 rendered against them in circuit court in an action on a promissory note. The instrument in question was executed and delivered to plaintiffs on June 20, 1952. In terms it set forth an absolute promise to pay to the order of plaintiffs, or the survivor of them, the

sum of $5,450, 90 days after date, with interest at 5% per annum. The declaration in the cause averred that the note was given in consideration of an obligation then owing to plaintiffs by the defendant corporation, and that the individual defendant was an accommodation indorser.

Defendants by their answer asserted that there was no consideration for the note. An amendment to said answer further alleged that plaintiffs were not entitled to recover because of their failure to make proper transfer of certain shares of stock to defendants in accordance with the provisions of an agreement between the parties in connection with which the note in question was given. Such claim was based on the theory that the transfer which admittedly was made by plaintiffs was invalid because of the omission to affix proper stamps thereto in accordance with the provisions of the Federal internal revenue code.

In support of the motion for summary judgment plaintiffs filed affidavits, the form and sufficiency of which have not been questioned. In addition to the usual formal averments said affidavits set forth that for many years past the defendants had been engaged in conducting a security business, and that the corporation held itself out as being in position to handle funds of others for investment. Prior to the date of the note plaintiffs turned over to the defendant corporation, as they claimed, the sum of $8,000 for investment in securities. There was delivered to them 800 shares of the capital stock of Leonard, Inc., and, in lieu of other securities, the sum of $550 was returned. A controversy arose between the parties as to the nature of the transaction, plaintiffs contending that they held the stock in Leonard, Inc., as collateral for the repayment to them of the sum of $7,450, while defendants took the position that said stock was not collateral but had

been sold to plaintiffs. Plaintiffs in their affidavits further set forth that the parties, in order to settle their differences, entered into an agreement evidenced by a written instrument, referred to in the record, and herein, as exhibit A, as follows:

"AGREEMENT TO PAY A CERTAIN OBLIGATION
TO HARMON ROY AND LYDIA ROY FROM LEONARD INC. AND LUKE C. LEONARD.

"June 20, 1952.

"Whereas, Leonard Inc., a Michigan corporation, is obligated to Harmon Roy and Lydia Roy for the amount of $7,450 and

"Whereas, Leonard Inc. and Luke C. Leonard, its principal stockholder, now desire to make the payment of this obligation within 90 days from the date hereof, and

"Whereas, as an inducement of the conveyance herein contained, Harmon Roy and Lydia Roy have agreed to transfer to Florence DeCoursey and Luke C. Leonard 800 shares of stock of Leonard Inc. held as security for the above obligation, receipt of which shares is hereby acknowledged, and

"Whereas, Leonard Inc. is the record and beneficial owner of 69,000 shares of stock of the Superdraulic Corporation and is in a position to legally assign, transfer and convey all or any part of said shares,

"Now, therefore, it is agreed

"1. That Leonard Inc. will execute and deliver its promissory note in the amount of $5,450, payable to Harmon Roy and Lydia Roy 90 days from the date hereof at 5% interest per annum, which note will be indorsed by Luke C. Leonard in his individual capacity.

"2. That to satisfy the balance of the said obligation out of the aforesaid shares of stock of the Superdraulic Corporation owned by Leonard Inc., it shall transfer 2,000 shares to Harmon Roy and Lydia Roy jointly, with the right of survivorship. It is expressly agreed to by Leonard Inc. and Luke C.

Leonard, individually, and in his capacity as president of Leonard Inc., jointly and or severally, that they will repurchase said stock at any time within 90 days from the date hereof for a price of $1 per share at the sole option and demand of Harmon Roy and Lydia Roy or the survivor of either, such demand to be made in writing at least 7 days previous to the exercise of said option.

"In Witness Whereof, Leonard Inc., by its president, Luke C. Leonard and secretary, Florence DeCoursey, and Luke C. Leonard individually, have hereunto set their hands and seal on the day and year first above written, it being unnecessary for Harmon Roy and Lydia Roy to place their signatures since their consideration has been performed.

> "Leonard Inc.,
> "Leonard Inc., Luke C. Leonard,
>   President
>
> "/s/ Luke C. Leonard
> "/s/ Florence DeCoursey
> "Florence DeCoursey, Secretary
>
> "/s/ Luke C. Leonard
> "Luke C. Leonard, individually."

The affidavits of plaintiffs and of their attorney, filed in support of the motion, averred that the 800 shares of stock of Leonard, Inc., were transferred to Florence DeCoursey and Luke C. Leonard in accordance with the express agreement of the parties, and that the note on which the present suit is based was delivered to them in part satisfaction of the indebtedness resulting from the prior transaction. In opposition to the motion defendants filed affidavits of merits by Florence J. DeCoursey, secretary of Leonard, Inc., and by the individual defendant Luke C. Leonard. It is the claim of the defendants that these affidavits were sufficient to present issues of fact for determination on trial, and that in consequence the motion for summary judgment was erroneously granted. In substance such affidavits

denied the claim of plaintiffs that at the time of the execution of exhibit A, and the promissory note in question here, there was any indebtedness owing by defendants to plaintiffs. The prior transaction involving the delivery of 800 shares of stock in Leonard, Inc., to plaintiffs was claimed to have been an outright sale to them by Florence DeCoursey and Luke C. Leonard. The execution of exhibit A was not denied, nor did defendants assert, either by way of answer or in the affidavits of merits, that the undertaking evidenced by such exhibit was procured by fraud or as a result of mistake. The affidavits did not controvert the claim of the plaintiffs that exhibit A and the promissory note were executed in order to settle and adjust the controversy existing between the parties with reference to the nature of the prior transaction and the rights of the plaintiffs thereunder. The claims set forth in the answer to the declaration with reference to the alleged want of consideration for the note and the alleged failure of the plaintiffs to cause revenue stamps to be affixed to the assignment of the shares of stock in Leonard, Inc., were repeated. That delivery of such stock was actually made as claimed by plaintiffs, and as recited in exhibit A, was not denied. The trial judge came to the conclusion that the affidavits did not present factual issues and entered judgment accordingly.

The claim that there was a want of consideration for the note rests on the assertion that the defendant corporation received no benefit in any form in return for its promise. It is not essential, however, that a contractual undertaking must be supported by a benefit moving to the promissor. Consideration for a promissory note may consist either in a benefit to the promissor or a detriment to the promisee. When plaintiffs delivered the stock previously held by them to Florence J. DeCoursey, secretary of defendant corporation, and to Luke

C. Leonard, the individual defendant, it may be assumed that they suffered a legal detriment. Such detriment was a sufficient consideration to support the agreement evidenced by exhibit A and the promissory note on which the judgment was recovered. *Arctic Dairy Co.* v. *Winans,* 267 Mich 80 (94 ALR 334); *McPherson* v. *DeConick,* 272 Mich 578; *Plastray Corporation* v. *Cole,* 324 Mich 433 (8 ALR2d 1199). It may be said also that the settlement of the controversy existing between the parties furnished further consideration which quite possibly inured to the benefit of the defendant corporation.

The claim of the defendants that the plaintiffs failed to make proper transfer of the shares of stock in Leonard, Inc., which they actually delivered in accordance with the agreement of the parties, rests on certain provisions of the internal revenue code of the United States.* Chapter 11, subchapter A, § 1802,† provides for the payment of a tax on stock sales and transfers, subject to certain exceptions. Subsequent provisions of the code (subchapter C, § 1821) provide penalties for wilful violation or evasion of the tax. Intent to evade is an element of the offense. No claim is made in the instant case that plaintiffs wilfully violated any provision of the revenue code requiring them to pay a tax and affix stamps to the transfer of the stock in question. They are not charged with criminal intent in that respect.

Obviously the stock certificates were accepted without stamps having been affixed to the assignment. It may be noted further that under plaintiffs' claim, and as conceded by defendants in exhibit A, the stock did not belong to plaintiffs but was merely

---

\* USCA, title 26, Act Feb. 10, 1939, c 2, 53 Stat 1, as amended.
† Amended May 23, 1952, c 329, § 1(a), 66 Stat 93.

held by them as collateral. It may well be questioned whether the delivery to Florence J. DeCoursey and Luke C. Leonard was subject to the Federal tax. However, without reference to this phase of the situation, we think the claim of the defendants is not well founded. Our attention is not called to any provision of the code expressly declaring that a stock transfer, subject to the payment of a tax to be evidenced by the affixing of stamps, shall be void unless the stamps are so affixed. The pertinent language of the code clearly indicates that the penalty is imposed in certain cases for making a transfer without affixing proper stamps, thus impliedly recognizing the validity of the transfer even though the transferor may be guilty of a misdemeanor for nonpayment of the prescribed tax.

In 49 Am Jur, p 216, Stamp Taxes, § 29, it is said:

"Instruments are valid although required revenue stamps are omitted from them, in the absence of an express statutory provision invalidating such instruments."

In support of the statement quoted, the case of *Cole* v. *Ralph,* 252 US 286 (40 S Ct 321, 64 L ed 567), is cited. In that case the validity of certain deeds was questioned on the ground that they had been delivered without the stamps required by a Federal statute. With reference to such claim, it was said (pp 293, 294):

"*As to the absence of revenue stamps,* it is true that the deeds showing title in some of the plaintiffs —they were produced in evidence over the defendant's objection—were without the stamps required by the act of October 22, 1914, c 331, § 22, schedule A, 38 Stat 762. But this neither invalidated the deeds nor made them inadmissible as evidence. The

relevant provisions of that act, while otherwise following the language of earlier acts, do not contain the words of those acts which made such an instrument invalid and inadmissible as evidence while not properly stamped. Those words were carefully omitted, as will be seen by contrasting sections 6, 11, 12 and 13 of the act of 1914 with sections 7, 13, 14 and 15 of the act of 1898, c 448, 30 Stat 454. From this and a comparison of the acts in other particulars it is apparent that congress in the later act departed from its prior practice of making such instruments invalid or inadmissible as evidence while remaining unstamped and elected to rely upon other means of enforcing this stamp provision, such as the imposition of money penalties, fines and imprisonment. The decisions upon which the defendant relies arose under the earlier acts and were based upon the presence in them of what studiously was omitted from the later one."

The foregoing decision was cited and followed in *Dellert* v. *Stallman,* 29 F2d 236, 238. The following quotation from the opinion in that case indicates the nature of the question involved and the holding of the court with reference to it.

"Appellant urges that, because no stamps were placed upon the certificates or upon the transfer books of the bank, as provided in the revenue act of 1924 (title 8, schedule A, par 3, 43 US Stats at Large, p 334; 26 USCA, § 901 [3]), there was no obligation upon the bank to make the transfer. Under that act, the failure to affix stamps in no way invalidated the transactions. *Cole* v. *Ralph,* 252 US 286, 293 (40 S Ct 321, 64 L ed 567). It is quite evident, from the record, that failure to attach stamps was not done with any intent to evade the tax. When Burkhardt, one of the owners and sellers of the stock, and who had been a bank examiner, raised the question as to how the transfer was to be made, Heller directed that the stock be sent to the Jerseyville bank and he would take care of it from then on. The sale

of the stock was really in the interest of the bank. When the bank received the stock and paid for it without any demand for transfer stamps it was, under the evidence in this case, legally obligated to do everything to make the transfer effective and protect appellee."

Whether the shares of stock in Leonard, Inc., were held by plaintiffs as collateral security, as they claimed, or owned by them, as asserted in the affidavits of merits filed by defendants, is not of controlling significance. In any event, the admitted agreement between the parties required the transfer of such stock by plaintiffs. They performed their part of the agreement in such respect, parting with any and all interest that they had in such stock. The transferees accepted the certificates and so far as this record discloses still retain them. The transaction was not void as asserted by defendants. The trial court correctly held that the affidavits of merits filed in opposition to the motion for summary judgment did not raise factual issues requiring trial.

The judgment is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.