ALBERT HAYES ET AL. *v.* PARKLANE HOSIERY CO., INC.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 131155

Memorandum filed January 29, 1963

*Robinson, Robinson & Cole,* of Hartford, for the plaintiffs.

*Louise H. Hunt,* of Hartford, for the defendant.

*Schatz & Schatz,* of Hartford, for The Connecticut Bank and Trust Company, garnishee.

COTTER, J. The plaintiffs seek to enforce a covenant not to compete, contained in an agreement executed August 8, 1957, among the plaintiff Albert Hayes, the defendant and other persons not parties to this action. The defendant has demurred, stating that the complaint fails to set forth a cause of action because the restrictive covenant sought to be enforced is invalid and unenforceable because (1) it is in restraint of trade and against public policy, and (2) there was no consideration for defendant's promise.

The covenant is contained in an agreement for the sale of 60,000 dozen hosiery by plaintiff Hayes to defendant and security for payment therefor and for payment of a cash balance owed Hayes by defendant. It is contained in paragraph ninth, which provides: "Ninth: Upon condition that Park-

lane duly performs all of the terms and provisions of this agreement Hayes covenants and agrees that he, or any firm or corporation in which he is financially interested, will not establish and operate a retail store for the sale of hosiery within a radius of five blocks from any such store presently operated by Parklane. Hayes shall have the full and unrestricted right to sell hosiery at the prevailing wholesale prices to any retail store selling hosiery, or to any other person, firm or corporation, whether located within the aforesaid areas or elsewhere. Parklane, Slotkin, Somekh, Yaffee and Schulman, and each of them, jointly and severally, covenant and agree that none of them, nor any person with whom, or firm or corporation in which, any of them or any of their wives are financially interested, shall establish and operate a retail store for the sale of hosiery within a radius of five blocks from any existing store being operated by Hayes or under the name 'Albert's.' "

The complaint alleges the agreement was entered into for "the considerations therein stated." The facts contained in the complaint and exhibit A allege that the plaintiff Hayes is engaged in the business of selling ladies' hosiery wholesale and is the owner of the trade name "Albert's," which he has licensed certain hosiery retailers to use. Plaintiff Patrick operates a retail hosiery store under the trade name "Albert's" on Main Street in Hartford. Patrick was not a party to the agreement of August 8, 1957. It was operating the store at that time. Defendant operates a chain of retail hosiery stores in various states. On April 12, 1962, defendant opened a retail hosiery store on Main Street in Hartford across the street from Patrick's store. Five months later, on September 14, 1962, plaintiffs commenced this action to enjoin the operation of defendant's store.

Section 515 of the Restatement of Contracts provides in part: "A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it . . . (e) is based on a promise to refrain from competition and is not ancillary either to a contract for the transfer of good-will or other subject of property or to an existing employment or contract of employment." A covenant limiting competition such as the one plaintiffs seek here to enforce, which is not ancillary to a contract for the transfer of goodwill or other subject of property by the promisor, has been held in *Domurat* v. *Mazzaccoli*, 138 Conn. 327, to be a covenant against public policy and unenforceable in this state. The court stated (p. 330) : "It is basic that a covenant restricting the covenantor from engaging in a competing enterprise is one in restraint of trade and therefore is against public policy if the restraint is unreasonable. It is not valid unless it is ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment. Restatement, 2 Contracts § 515 (e) ; 17 C.J.S. 629." New York has found such a covenant invalid and unenforceable. "An agreement in restraint of trade is unreasonable if based on a promise to refrain from competition where the promise is not ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment." *Paramount Pad Co.* v. *Baumrind*, 4 App. Div. 2d 944, aff'd, 4 N.Y.2d 393.

Cases cited to support the injunction involve employment contracts and ones which would satisfy the requirement of the Restatement and other authorities. "Ancillary" has been defined to mean "[a]iding; . . . attendant upon; . . . describing a proceeding attendant upon or which aids another

proceeding considered as principal." Black, Law Dictionary (3d Ed.). The mere sale of 60,000 dozen hosiery cannot carry with it a valid restrictive covenant such as that which the plaintiff would like to enforce. A contract imposing a restraint must be ancillary or incidental to, or in support of, another contract or a sale by which the covenantee acquires some interest in the business needing protection. Contracts which have for their object merely the removal of a rival or competitor in business are unlawful under the circumstances. The restraint must be reasonable. 5 Williston, Contracts (Rev. Ed.) § 1637; see Restatement, 2 Contracts §§ 514, 515. In the instant case, there was no transfer of goodwill or other subject of property and no existing employment or contract of employment. *Donohue* v. *Peterson,* 161 Ore. 65; notes, 122 A.L.R. 1031, 91 A.L.R. 980, 3 A.L.R. 250; 36 Am. Jur., Monopolies, Combinations and Restraints of Trade, § 50, p. 529, § 54, p. 534; 17 C.J.S. 629, Contracts, § 246.

The question of consideration need not be considered in view of the above.

The demurrer is sustained.