[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS
In this case the defendant alleges that in the complaint there is an allegation of breach of an oral contract not to compete. Claiming that the complaint is legally insufficient the defendant has filed a motion to strike.
The standards to be applied in ruling on a motion to strike are well-known. Such a motion tests the legal sufficiency of a pleading. It is also true that when such a motion is filed against a complaint the allegations of the complaint must be given that reading that is most favorable to the non-moving party.
 A.
The first argument raised in the motion strike is a broad claim that "oral covenants not to compete are not enforceable under Connecticut law." This argument is made independent of a statute of frauds argument that is later advanced by the defendant. The defendant says that no Connecticut authority has enforced an oral covenant not to compete against a defendant. Its brief then proceeds to cite a series of cases,Samuel Stores Inc. v Abrams 94 Conn. 248 (1919), Mattis vLally 138 Conn. 51 (1951), Robert S. Weiss Associates vWiederlight 208 Conn. 525 (1990), Hayes v Parklane Hosiery Co.24 Conn. Sup. 218 (1963) Transam Inc. v Zhawred 1 Conn. L Rptr672 (1990). None of these cases specifically held or was even faced with deciding the issue of whether oral covenants not to compete are enforceable in our state. They all involved decisions turning on the question as to whether a covenant not to compete in a written agreement was reasonable and therefore enforceable. JP Food Service Inc. v Gomes NO. CV92703188 (1992) is cited but this case doesn't hold that a covenant not to compete must be in writing. In fact the plaintiff alleged there was such an agreement and it was lost and the court set forth the burden that must be met by a party to recover on a document that he or she cannot produce. Sassone v Lepore NO. CV930129 915 (1993) is cited apparently for a cryptic comment taken out of context that the parties never signed a written covenant not to compete. However this language was merely referred to by the trial judge who culled it out of the factual summary made by the Supreme Court in Sassone v Lepore226 Conn. 773, 780 (1993) which had remanded the case back to the trial court for a finding. It does not represent a holding of the court; in fact Sassone could be read as at CT Page 8248 least recognizing the possible viability of an oral covenant not to compete, Id. at page 783.
In any event to say that no cases can be found where oral covenants have been enforced and to cite cases where written covenants were discussed in itself establishes no authority for the theory the defendant attempts to advance.
 B.
The defendant then makes a statute of frauds argument apparently separate and distinct from the previous argument. It argues that the oral agreement here is covered by the statute of frauds and is unenforceable because by its terms the covenant not to compete which the plaintiffs claim the defendant breached cannot be performed within one year from the date the oral agreement was allegedly made. In its reply brief the defendant refers to several paragraphs of the complaint to make its point:
4. In approximately January, 1989 and at all times hereinafter mentioned, the defendant EDWARD J. D'ANTONIO was an employee of the plaintiff AMBASSADOR.
5. At all times hereinafter mentioned, the defendantEDWARD J. D'ANTONIO's mother, Gilda D'Antonio, obtained a loan from American Savings bank, Account Number 86369675, in the amount $50,653.11.
6. On or about March 1, 1989, the defendant EDWARD J.D'ANTONIO used said loan to set up a partnership with the plaintiff AMBASSADOR whereby the plaintiff and defendant started a business called AMBASSADOR LIMOUSINE SERVICES, INC.DBA AFFORDABLE LIMOUSINE.
7. In approximately March, 1991, at Hartford, County of Hartford, State of Connecticut, the defendant EDWARD J.D'ANTONIO and the plaintiff AMBASSADOR entered into an oral agreement wherein the defendant on his part agreed to stay in the employ of the plaintiff AMBASSADOR and not to seek or obtain employment in a competing limousine business in Hartford county and not to seek, obtain or initiate a new business, company, or corporation in Hartford County which would compete, directly or indirectly, with the plaintiffAMBASSADOR until such time as the balance of said loan was CT Page 8249 fully paid and satisfied.
8. In consideration of the defendant EDWARD J.D'ANTONIO's promise, Angelo Dimarco on behalf of the plaintiffAMBASSADOR agreed to make the monthly payments for the said loan to American Savings Bank.
11. On or about June 24, 1994, the plaintiff AMBASSADOR
made a payment of $1,661.00, to the defendant EDWARD J.D'ANTONIO for the purpose of fully paying and satisfying said loan with American Savings Bank.
The exact holding of C.R. Klewin Inc. v FlagshipProperties Inc. 220 Conn. 569 (1991) which interprets the statute of frauds on this point is stated in the following language:
 ". . . an oral contract that does not say, in express terms that performance is to have a specific duration beyond one year is, as a mater of law, the functional equivalent of a contract of indefinite duration for the purpose of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the proscriptive force of the statute regardless of how long completion of performance will actually take." Id. pp. 583-584
The basis of the holding was the court's view expressed at page 582: "Because the one-year provision `is an anachronism in modern life . . . we are not disposed to expand its destructive force'"
On the basis of the holding of the court in C.R. Klewin
it is difficult to understand how the defendant can argue on the face of the pleadings, which I am confined to on a motion to strike, that by its express terms this contract was to have a duration beyond one year.
The defendant's mother obtained a loan of $50,653.11 (par. 4). Payments on the loan were to be made on behalf of the plaintiff on a monthly basis (par. 8). Paragraph 11 merely says that on June 24, 1994 a payment was made on the CT Page 8250 loan. How am I to conclude that $1661. represented one of the "monthly" payments as opposed to a random payment or a payment of an amount lesser than the required monthly payments? I don't think I can amend the plaintiff's pleadings in order to grant the motion to strike and even if I were to speculate that $1661. did represent a monthly payment I would have to conclude that if payments continued on this monthly basis full payment would be made in a period longer than a year. But even if there was an agreement to make monthly payments of $1661 until the debt was paid there is no express agreement that the debt could not be paid off more quickly by an increase in the monthly payments. Would this be a strict, severe and rigid interpretation of this provision of the statute of frauds? Yes it would be but that's what C.R.Klwein aimed at.
The motion to strike is denied.
Corradino, J.